IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BETTE EAKIN, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) Civil Action No.: 1:22-cv-00340 |
| | ) |
| v. | ) |
| | ) Judge Susan P. Baxter |
| ADAMS COUNTY BOARD OF ELECTIONS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## INDIVIDUAL VOTERS' AND REPUBLICAN COMMITTEES' MOTION TO INTERVENE

David Ball, James D. Bee, Debra Biro, Jesse D. Daniel, Gwendolyn Mae Deluca, Ross M. Farber, Lynn Marie Kalcevic, Vallerie Siciliano-Biancaniello, and S. Michael Streib (together, "Individual Voters"), the Republican National Committee, National Republican Congressional Committee, and Republican Party of Pennsylvania (together, "Republican Committees") support and seek to uphold free and fair elections on behalf of all Pennsylvanians.  The Individual Voters and the Republican Committees therefore respectfully move to intervene as defendants to defend the General Assembly's duly enacted laws governing the elections in which the Individual Voters and the Republican Committees, their candidates, their voters, and their supporters exercise their right to vote and their constitutional rights to participate in elections.

Just last week the Republican Committees prevailed in the Pennsylvania Supreme Court on the very issue presented in Plaintiffs' Complaint in this Court.  In particular, ruling on the petition filed by the Republican Committees, the Pennsylvania Supreme Court held that the General Assembly's date requirement for absentee and mail-in ballots is mandatory and lawful and, thus, that election officials may not count any absentee or mail-in ballot that fails to comply with it.  *See* Order, *Ball v. Chapman*, No. 102 MM 2022 (Pa. Nov. 1, 2022) (per curiam).

Moreover, in addressing a request for a stay following Pennsylvania's 2022 primary election, three Justices of the U.S. Supreme Court concluded that the notion that the date requirement violates the federal materiality provision, 52 U.S.C. § 10101(a)(2)(B), is "very likely wrong." *Ritter v. Migliori*, 142 S. Ct. 1824, 1824 (2022) (Mem.) (Alito, J., dissenting from the denial of the application for stay). No other Justices addressed the merits of the issue in that stay posture.

Plaintiffs now ask the Court to create a split of authority with the Pennsylvania Supreme Court and to depart from the opinion of three Justices by holding that the date requirement violates the federal materiality provision. *See* Compl. ¶¶ 32–40 (Dkt. No. 1). Plaintiffs also ask the Court to hold that the commonsense and longstanding date requirement invalid under the U.S. Constitution. *See id.* ¶¶ 41–47. The Individual Voters and the Republican Committees submit the accompanying Memorandum of Law demonstrating that they satisfy the requirements for intervention of right under Federal Rule of Civil Procedure 24(a) or, in the alternative, permissive intervention under Federal Rule of Civil Procedure 24(b). The Individual Voters and the Republican Committees attach as **Exhibit 1** the Motion to Dismiss they would file if permitted to intervene in this matter, as **Exhibit 2** the Memorandum in Support of Motion to Dismiss, and as **Exhibit 3** the Answer and Affirmative Defenses they would alternatively file if permitted to intervene.[1]

Counsel for the Individual Voters and the Republican Committees contacted counsel for Plaintiffs regarding Plaintiffs' position on this motion but did not receive a response before filing this motion.

---

[1] Intervenor-Defendants prefer to file their Motion to Dismiss rather than an Answer to Plaintiffs' Complaint, but Rule 24 does not specify whether a motion to dismiss satisfies the requirement to provide "a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). Therefore, in an abundance of caution, Intervenor-Defendants also attach a proposed Answer.

WHEREFORE, the Individual Voters and the Republican Committees respectfully request that the Court GRANT this motion and permit the Individual Voters and the Republican Committees to intervene as defendants in this proceeding.

Dated: November 9, 2022

Respectfully submitted,

/s/ Kathleen A. Gallagher
Kathleen A. Gallagher
PA I.D. #37950
Russell D. Giancola
PA. I.D. #200058
GALLAGHER GIANCOLA LLC
436 Seventh Avenue, 31st Floor
Pittsburgh, PA 15219
Phone: (412) 717-1900
kag@glawfirm.com
rdg@glawfirm.com

John M. Gore *
E. Stewart Crosland
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Phone: (202) 879-3939
jmgore@jonesday.com
scrosland@jonesday.com

Thomas W. King, III
Thomas E. Breth
DILLON, McCANDLESS, KING,
 COULTER & GRAHAM, LLP
128 W. Cunningham St.
Butler, PA  16001
Phone: (724) 283.2200
tking@dmkcg.com
tbreth@dmkcg.com

*Counsel for Intervenor-Defendants*

* *Pro hac vice application forthcoming*