IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| BETTE EAKIN, *et al.*,<br><br>                Plaintiffs,<br><br>v.<br><br>ADAMS COUNTY BOARD OF ELECTIONS, *et al.*,<br><br>                Defendants. | Civil Action<br><br>Case No. 1:22-cv-00340-SPB |

**PLAINTIFFS' RESPONSE TO MOTION TO INTERVENE**

Plaintiffs Bette Eakin, Ines Massella, Fetterman for PA, DSCC, and DCCC oppose the intervention of Proposed Intervenor-Defendants David Ball, James D. Bee, Debra Biro, Jesse D. Daniel, Gwendolyn Mae DeLuca, Ross M. Farber, Lynn Marie Kalcevic, Vallerie Siciliano-Biancaniello, and S. Michael Streib (the "Republican Voters"). ECF No. 35. Plaintiffs take no position on the intervention of Proposed Intervenor-Defendants Republican National Committee, National Republican Congressional Committee, and Republican Party of Pennsylvania (the "Republican Committees"). *See id.*

The Republican Voters are not entitled to intervention as of right because they have no protectable interest at stake in this litigation. Their assertion that their votes will somehow be "diluted" by the counting of qualified voters' ballots is not a protectable interest. Nor is their generalized interest in seeing Pennsylvania's Election Code enforced. And even if this suit presented a threat to a protectable interest held by the Republican Voters, they still would not be entitled to intervention as of right because Defendants are well positioned to adequately protect that interest. For all the same reasons, the Court should deny the Republican Voters' request for permissive intervention.

## BACKGROUND

Plaintiffs filed this suit on November 7, 2022, challenging 25 P.S. §§ 3146.6(a) and 3150.16(a) (the "Date Instruction"), which, according to a recent decision by the Pennsylvania Supreme Court, requires county boards not to count a mail-in or absentee ballot if it is contained in an envelope with a voter declaration that the voter failed to date, or incorrectly dated. ECF No. 1. That decision by the Pennsylvania Supreme Court was the result of a King's Bench petition filed by the Proposed Intervenor-Defendants. *See Ball v. Chapman*, No. 102 MM 2022, 2022 WL 16569702, at *1 (Pa. Nov. 1, 2022) (per curiam).[1] Prior to reaching its decision in that litigation, the Pennsylvania Supreme Court asked the parties involved to submit briefing on, among other issues, whether the *Ball* Petitioners (Proposed Intervenor-Defendants here) had standing to assert their claims. Order, *Ball v. Chapman*, No. 102 MM 2022 (Pa. Oct. 21, 2022).[2]

In its response to that order, DCCC argued that the Republican Voters did not have standing because their only asserted interest in that litigation was a generalized wish to have counties follow their preferred interpretation of Pennsylvania law. *See* Br. of Intervenor- Resp'ts DCCC, Democratic Nat'l Comm., & Pa. Democratic Party, *Ball v. Chapman*, No. 102 MM 2022, at 13–15 & n.9 (Pa. Oct. 25, 2022). Apparently agreeing with DCCC's position, the Pennsylvania Supreme Court dismissed the Republican Voters "from the case for lack of standing." *Ball*, 2022 WL 16569702, at *1. Similar to its position here, DCCC took no position on whether the Republican Committees had standing to bring the claims in *Ball*, and the Pennsylvania Supreme Court found that—unlike the Republican Voters—the Republican Committees had standing. *Id.*

---

[1] Copies of the filings and orders in *Ball* can be found at: https://www.pacourts.us/news-and-statistics/cases-of-public-interest/102-mm-2022-election.

[2] Plaintiff DCCC participated in *Ball* as an Intervenor-Respondent. The remaining Plaintiffs were not parties to *Ball*.

Seeking to "defend the General Assembly's duly enacted laws governing the elections," the Republican Voters and Republican Committees now move to intervene in this litigation. ECF No. 35 at 1.

## ARGUMENT

**I.     The Republican Voters are not entitled to intervention as of right.**

The Court should deny the Republican Voters' request that they be granted intervention of right because they have not met their burden under Federal Rule of Civil Procedure 24(a)(2). That rule requires the Republican Voters to demonstrate (1) "an interest relating to the property or transaction that is the subject of the action," (2) that "disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest," and (3) no "existing part[y] adequately represent[s] that interest." The Republican Voters fail to demonstrate any of these three requirements.[3]

**A.     The Republican Voters fail to demonstrate a significantly protectable interest that the disposition of this litigation could impair.**

As the Pennsylvania Supreme Court concluded just a week and a half ago, the Republican Voters lack any protectable interest in the enforceability of the Date Instruction. "[T]o have an interest sufficient to intervene as of right, the interest must be a legal interest as distinguished from interests of a general and indefinite character." *Harris v. Pernsley*, 820 F.2d 592, 601 (3d Cir. 1987) (quoting *United States v. AT&T Co.*, 642 F.2d 1285, 1292 (D.C. Cir. 1980)). The Republican Voters "must do more than show that [their] interests may be affected in some incidental manner"; they must "demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene." *Id.*

---

[3] Plaintiffs do not dispute that the Republican Voters' intervention motion is "timely." Fed. R. Civ. P. 24(a).

Here, the Republican Voters assert two interests: (1) "protecting the weight of their votes from the dilution that would result if election officials are permitted to count" ballots contained in envelopes that the voter did not properly date, and (2) "maintaining clarity and certainty regarding their rights and obligations if they choose to exercise their statutory right to vote by absentee or mail-in ballot." ECF No. 35 at 3–4; *see also id.* at 13. Neither of those interests warrant intervention as of right.

The Republican Voters have no legally protectable interest in preventing qualified voters from having their ballots counted, particularly when they have offered no reason whatsoever to suspect that any such ballots might be fraudulent. While the Republican Voters characterize their theory as one of "vote dilution," they fail to explain how counting qualified voters' ballots injures them, let alone in a way that is any different from every other voter in the Commonwealth. The Republican Voters do not assert, for example, that the Date Instruction prevents *them* from voting; instead, they only wish it to prevent *others* from voting, which simply reflects a "general and indefinite" interest in the law's application to others. *Harris*, 820 F.2d at 601; *see also Alexander v. Rendell*, 246 F.R.D. 220, 231 (W.D. Pa. 2007) (denying intervention sought by individuals who were not subject to the action being challenged). To the extent the Republican Voters are asserting that the failure to enforce the Date Instruction might somehow lead to the acceptance of fraudulent votes, they have offered no such evidence, making it far "too speculative to be sufficient under Rule 24(a)." *Cmty. Vocational Sch. of Pittsburgh, Inc. v. Mildon Bus Lines, Inc.*, No. CV 09-1572, 2017 WL 1376298, at *7 (W.D. Pa. Apr. 17, 2017).

It is for these reasons that courts around the country, including within this Circuit and District, agree that the "vote dilution" theory the Republican Voters present here is a "paradigmatic generalized grievance." *Bognet v. Sec'y Commonwealth of Pa.*, 980 F.3d 336, 356–60 (3d Cir.

2020), *cert. granted and judgment vacated on other grounds*, 141 S. Ct. 2508 (2021); *see also Donald J. Trump for President, Inc. v. Boockvar*, 493 F. Supp. 3d 331, 381 (W.D. Pa. 2020). This is consistent with the conclusions of federal courts across the country. *See, e.g.*, *O'Rourke v. Dominion Voting Sys. Inc.*, No. 20-cv3747-NRN, 2021 WL 1662742, at *9 (D. Colo. Apr. 28, 2021) (noting "the veritable tsunami of decisions" in accord); *Wood v. Raffensperger*, 981 F.3d 1307, 1313–16 (11th Cir. 2020); *Donald J. Trump for President, Inc. v. Cegavske*, 488 F. Supp. 3d 993, 1000 (D. Nev. 2020); *Bowyer v. Ducey*, 506 F. Supp. 3d 699, 711–12 (D. Ariz. 2020); *Martel v. Condos*, 487 F. Supp. 3d 247, 253 (D. Vt. 2020); *Moore v. Circosta*, 494 F. Supp. 3d 289, 313 (M.D.N.C. 2020); *Paher v. Cegavske*, 457 F. Supp. 3d 919, 926–27 (D. Nev. 2020).

The Republican Voters' second asserted interest—their wish to have "certainty regarding their rights and obligations" under the vote-by-mail process in case they "choose to exercise" that right—suffers from the same legal defects. ECF No. 35 at 13. Notably, they do not allege that, if Plaintiffs obtain relief here, it would make it harder for the Republican Voters to have their ballots counted. Indeed, it would make it *easier.* As a result, this purported "interest" is literally just a desire to know what the law is, regardless of its actual impact on any protectable right that they individually have. It is difficult to imagine a more generalized interest. What is more, the Republican Voters have offered no evidence that any of them voted by mail in this election, or even intend to in the future. Thus, even if their wish for clarity in the rules governing undated ballots were a protectable interest (it is not), they have not demonstrated that they hold that interest.

Because the Republican Voters lack any protectable interest at stake in this litigation, they are not entitled to intervention as of right.

### B. The Republican Voters fail to show that Defendants do not adequately represent their interests.

Even assuming the Republican Voters have protectible interests, they have failed to demonstrate that those interests are not adequately represented by the 67 county boards of elections across the Commonwealth that are currently named as defendants. "[A] rebuttable presumption of adequacy applies if one party is a government entity charged by law with representing the interests of the applicant for intervention." *Commonwealth of Pa. v. President United States of Am.*, 888 F.3d 52, 60 (3d Cir. 2018). The Republican Voters therefore must make a "compelling showing" that their interests are not adequately represented. *Pa. Gen. Energy Co., LLC v. Grant Twp.*, 658 F. App'x 37, 41 (3d Cir. 2016). They must make such a showing

> on any of the following three grounds: (1) that although the applicant's interests are similar to those of a party, they diverge sufficiently that the existing party cannot devote proper attention to the applicant's interests; (2) that there is collusion between the representative party and the opposing party; or (3) that the representative party is not diligently prosecuting the suit.

*Brody ex rel. Sugzdinis v. Spang*, 957 F.2d 1108, 1123 (3d Cir. 1992).

The Republican Voters have not asserted collusion or that Defendants will not diligently defend the suit. Instead, they rely on the argument that their interests diverge from those of the Defendants. They offer two examples of such divergence, neither of which is sufficient to support intervention. First, the Republican Voters argue that "named Defendants are statutorily required to remain impartial in elections" and therefore cannot represent the Republican Voters' "interest in protecting the weight of their votes." ECF No. 35 at 15–16. As explained above, however, the Republican Voters' interest in protecting the weight of their vote against dilution is a nonpartisan, generalized interest shared by all voters. And while in some contexts vote dilution claims are cognizable where there is a discriminatory, race-based vote dilution intent or effect, Republican

Voters do not claim any such race-based discrimination here. Defendants therefore provide adequate representation of this interest for all voters, regardless of partisan affiliation.

Second, the Republican Voters point to additional interests that are unique to Defendants, *id.* at 16–17, but fail to explain why this would prevent Defendants from adequately representing interests that they do share. In fact, the Republican Voters do not point to a single authority that requires complete overlap between proposed intervenors and existing parties' interests before finding that such interests are adequately represented. Absent any indication that Defendants' additional unique interests in any way impairs their ability to "protect[] the weight of . . . votes from [] dilution," or "maintain[] clarity and certainty regarding [voters'] rights and obligations," *id.* at 4, Republican Voters cannot identify any divergence of interest that would support intervention.

Because the Republican Voters' generalized interests in "election integrity" (which are not cognizable for purposes of intervention) are adequately represented by existing Defendants, they are not entitled to intervention as of right.

**II.     The Court should not allow the Republican Voters to permissively intervene.**

The Republican Voters' request that the Court grant permissive intervention under Federal Rule of Civil Procedure 24(b) should also be denied. To seek permissive intervention, the Republican Voters must demonstrate that they either have a conditional right to intervene conferred by a federal statute, or a claim or defense that shares a question of law or fact with the main action. Fed. R. Civ. P. 24(b)(1). And "[e]ven if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). "In exercising its discretion, the court must [also] consider whether the intervention will unduly delay or prejudice the adjudication of the original

parties' rights." Fed. R. Civ. P. 24(b)(3). Another "[i]mportant consideration[] for the Court in making this determination [is] whether intervention . . . is necessary to protect rights that are not identical to an existing party." *Pa. Gen. Energy Co., LLC v. Grant Twp.*, No. CA 14-209, 2015 WL 6002163, at \*2 (W.D. Pa. Oct. 14, 2015), *aff'd*, 658 F. App'x 37 (3d Cir. 2016).

The Court should deny the Republican Voters' application because, as explained, their interests are fully represented by the existing parties. Despite the Republican Voters' attempt to distinguish their interests, as discussed *supra* section I.B., their desire to prevent vote dilution and maintain certainty in the election process, ECF No. 35 at 4, is neither unique nor cognizable, and is represented by the 67 county boards of election named as Defendants. *Bognet*, 980 F.3d at 356–60. Intervention is therefore not "necessary to protect" any unique rights. *Pa. Gen. Energy Co.*, 2015 WL 6002163, at \*2. Moreover, adding an additional nine defendants in a case which already has 67 will only lead to duplicative arguments, delay, and prejudice to the existing parties. Republican Voters have not identified any substantial benefit their participation would bring to this litigation, nor would they assist the Court in efficiently resolving this case. In fact, the opposite is true. Adding more parties would inevitably prolong almost all aspects of the case, from court proceedings, to discovery, to motions practice, and even the negotiation of routine stipulations; in return, Republican Voters offer nothing to justify expanding the already large crowd of defendants.

Courts have repeatedly denied permissive intervention where, like here, proposed intervenors' interests are already represented by existing parties and they offer little for a court's benefit aside from duplicative briefs, arguments, and testimony. *See, e.g.*, *Gumm v. Jacobs*, 812 F. App'x 944, 948 (11th Cir. 2020) (holding that the district court properly exercised discretion in denying permissive intervention because movant was adequately represented by existing parties); *Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947, 955 (9th Cir. 2009) (same); *PEST Comm.*

*v. Miller*, 648 F. Supp. 2d 1202, 1212–14 (D. Nev. 2009) (declining to allow permissive intervention because their interests were already met by existing parties and "adding [movants] as parties would unnecessarily encumber the litigation"). Because the Republican Voters' interests are already represented and they offer little to benefit the Court, their intervention will needlessly multiply litigation proceedings; therefore, this Court should exercise its discretion to deny the Republican Voters permissive intervention.

## CONCLUSION

The Court should deny the Republican Voters' request to intervene in this suit.

Dated: November 10, 2022

Respectfully submitted,

Adam C. Bonin
**THE LAW OFFICE OF ADAM C. BONIN**
121 South Broad Street, Suite 400
Philadelphia, PA 19107
Telephone: (267) 242-5014
Facsimile: (215) 827-5300
adam@boninlaw.com

By: */s/ Uzoma N. Nkwonta*

Uzoma N. Nkwonta*
Justin Baxenberg*
Daniel C. Osher*
Daniela Lorenzo*
Dan Cohen*
Jacob D. Shelly*
**ELIAS LAW GROUP LLP**
10 G St. NE, Suite 600
Washington, D.C. 20002
Telephone: (202) 968-4490
unkwonta@elias.law
jbaxenberg@elias.law
dosher@elias.law
dlorenzo@elias.law
dcohen@elias.law
jshelly@elias.law

* Admitted *pro hac vice*