IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BETTY EAKIN, et al, <br>     Plaintiffs, <br><br> v. <br><br> ADAMS COUNTY BOARD OF <br> ELECTIONS, et al, <br>     Defendants. | Civil Action No. 1:22-CV-340 <br><br> Re: Motion to Intervene <br>     ECF No. 34 |

## **MEMORANDUM ORDER**

Presently before this Court is a motion to intervene. ECF No. 34.

**Relevant Procedural History**

In 2019, the Commonwealth of Pennsylvania expanded mail-in voting. The new provisions have increased voter participation, but have been the subject of intense and repeated litigation in state and federal courts.

This action is brought by Bette Eakin and Ines Massella, who are registered Democratic voters residing in Erie County, the Fetterman for PA campaign, the Democratic Party's national senatorial committee (DSCC) and national congressional committee (DCCC). Plaintiffs challenge the Date Instruction of the Election Code as violative of the First and Fourteenth Amendments and the Materiality Provision of the Civil Rights Act.

The named Defendants are each of the sixty-seven county Boards of Elections of the Commonwealth. As relief, Plaintiffs seek a declaration that that the Date Instruction, as it appears in 25 P.S. § 3146.6(a) and 25 P.S. § 3150.16(a), and any other provision that requires

1

voters to provide (correct) dates on their mailing envelope – or precludes election officials from counting ballots that lack such dates—violates Section 101 of the Civil Rights Act of 1964 and the First and Fourteenth Amendments to the U.S. Constitution to the extent they result in the rejection of undated or incorrectly dated mail ballots. ECF No. 1, page 16.

Certain Republican Committees and several individual voters seek leave to intervene in this matter. ECF No. 34.[1] The Republican Committees include the Republican National Committee, National Republican Congressional Committee, and the Republican Party of Pennsylvania. Together, the Committees seek intervention claiming that they have a substantial interest in ensuring that the Commonwealth of Pennsylvania administers free and fair elections. ECF No. 35.The proposed individual intervenors[2] are "registered electors" who "consistently vote in each election." They claim that they have a particularized interest in knowing the exact requirements for mail-in ballots to be counted. Moreover, they claim that the counting of undated and incorrectly dated ballots in violation of Commonwealth Election Code threatens to interfere with their right to free and equal elections. They argue that their validly cast votes may be "diluted by the counting of undated or incorrectly dated ballots." *Id*. at page 13.

Plaintiffs filed an opposition brief. ECF No. 51. The proposed intervenors have filed a

---

[1] In accordance with Federal Rule of Civil Procedure 24(c) which requires that an application for intervention "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought," the intervenors have attached a proposed motion to dismiss and answer to their filing. ECF No. 34-1; 34-3.

[2] The individual voters are David Ball of Washington County; James Bee of Cambria County; Jesse Daniel of Indiana County; Gwendolyn Mae DeLuca and Lynn Marie Kalcevic of Beaver County; Ross Farber of Westmoreland County; Vallerie Sicilano-Biancaniello of Delaware County; and S. Michael Streib of Butler County. Although named in the caption of the motion to intervene and the proposed order granting intervention, there are no factual details regarding Debra Biro. There is no information explaining who she is, where she resides, or her interest in this case. The other proposed intervenors are described as being registered voters who consistently vote in each election.

Reply brief. ECF No. 63.

**The Allegations of the Complaint**

The Commonwealth's newly enacted mail-in voting provisions allow all eligible voters to vote by mail. ECF No. 1, ¶19. The Election Code instructs voters casting mail ballots to (1) mark their ballot "on or before eight o'clock p.m. the day of the primary or election"; (2) use only "black lead pencil, indelible pencil or blue, black or blue-black ink, in fountain pen or ball point pen"; (3) "fold the ballot, enclose and securely seal the same in the envelop on which it is printed, stamped or endorsed 'office election ballot'"; (4) place their completed ballot in a blank, secrecy envelope; (5) place the secrecy envelope into a separate outer envelope "on which is printed the form of declaration of the elector"; and (6) "fill out, date and sign the declaration printed on such envelope" before returning it to the voter's county board of elections. *Id.* at ¶ 20, *quoting* 25 P.S. § § 3150.16(a), 3146.6(a).

Plaintiffs allege that the Date Instruction serves no meaningful purpose and is immaterial to whether a voter is qualified to vote in Pennsylvania. The Date Instruction has been the subject of much litigation in state and federal courts. *Id.* at ¶ ¶ 21-31.[3] The most recent litigation in state

---

[3] *See In re Canvass of Absentee and Mail-in Ballots of Nov. 3, 2020 Gen. Elec.*, 241 A.3d 1058, 1074 (Nov. 30, 2020) (majority suggested without deciding that invalidating votes for failure to comply with the envelope-dating provision "could lead to a violation of federal law by asking the state to deny the right to vote for immaterial reasons" contrary to the federal Materiality Provision); *Migliori v. Cohen*, 36 F.4th 153, 164 (3d Cir. May 27, 2022) (holding that Materiality Provision of the civil rights statute governing voter qualifications and eligibility conferred federal right enforceable by private citizens through § 1983 and, in dicta, opining that "[i]gnoring ballots because the outer envelope was undated, even though the Ballot was indisputably received before the deadline for voting serves no purpose other than disenfranchising otherwise qualified voters."); *Chapman v. Berks Cty. Bd. of Elections*, 2022 WL 4100998 (Pa. Commw. Ct. Aug. 19, 2022) ("[T]he lack of a handwritten date on the declaration on the return envelope of a timely received absentee or mail-in ballot does not support excluding those ballots from the

court commenced shortly before the November 2022 midterm election. The Republican Party Committees and their supporters asked the Pennsylvania Supreme Court to enforce the Date Instruction and order all county boards not to count undated or incorrectly dated mail ballots and to invalidate Pennsylvania Department of State Guidance directing election officials to count such ballots if they were timely received. *Id.* at ¶ 29. On November 1, 2022, the Supreme Court of Pennsylvania issued an order directing that the mail-in ballots at issue should be segregated and not counted. The Court explained that its conclusion was required as a matter of state law, but the Court was deadlocked[4] as to whether "failing to count such ballots violated 52 U.S.C. § 10101(a)(2)(B)" (the federal Materiality Provision). *Id.* at ¶ 30.

**Legal Standard for Intervention**

Federal Rule of Civil Procedure 24 governs intervention by nonparties. The Rule provides for both intervention as of right and intervention by permission of court. A nonparty may intervene as of right if it "(1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." F.R.Civ.P. 24(a). Alternatively, permissive intervention may be allowed by the court if

---

Boards' certified results under both Pennsylvania law and Section 10101(a)(2)(B) of the Civil Rights Act.").

[4] At the time of its decision, the Pennsylvania Supreme Court had only six justices due to the recent death of Chief Justice Max Baer around October 1, 2022. *See* www.pacourts.us/news-and-statistics/news/news-detail/1115/pennsylvania-supreme-court-announces-passing-of-chief-justice-max-baer.

4

it "(1) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." F.R.Civ.P. 24(b).

The proposed intervenors seek intervention as of right, and alternatively, by permission of the court. Plaintiffs take no position on the intervention of the Republican Committees, but do oppose intervention by the individuals. ECF No. 51. The proposed Intervenors have filed a Reply brief. ECF No. 63.

**Intervention as of Right**

Four elements must be satisfied for intervention as of right to be proper: "(1) timely application; (2) sufficient interest in the litigation; (3) threat that the interest will be impaired or affected by the disposition of the case; and (4) inadequate representation of the prospective intervenor's interest by existing parties." *Commonwealth of Pennsylvania v. President United States of Am.*, 888 F.3d 52, 57 (3d Cir. 2018). It is the burden of the party seeking intervention to satisfy all four requirements. *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir. 2005).

*Timeliness*

The inquiry as to the timeliness of an application to intervene is based on "the totality of the circumstances arising from three factors: (1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay." *Wallach v. Eaton Corp.*, 837 F.3d 356, 371 (3d Cir. 2016). As this case is in its infancy, having been filed only a few days before the motion to intervene, the motion is timely and there has been no delay.

5

*Sufficient Interest and Disposition's Effect on Interest*

Although Rule 24 does not detail what constitutes a sufficient interest, the Supreme Court has indicated that "what is obviously meant … is a significantly protectable interest." *Donaldson v. United States*, 400 U.S. 517, 531 (1971). A sufficient interest in the litigation is one "that is specific to [the intervenor], is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought." *Transource Pennsylvania, LLC v. Dutrieuille*, 2022 WL 2235466, at *2 (3d Cir. Jun. 22, 2022) *quoting Kleissleer v. United States Forest Serv.*, 157 F.3d 964, 972 (3d Cir. 1998). "[T]he polestar for evaluating a claim for intervention is always whether the proposed intervenor's interest is direct or remote." *Id.*

To date, no party has objected to the Republican Committees' claim that they have a substantial and particularized interest in ensuring that Pennsylvania administers free and fair elections. ECF No. 35, pages 11-12. This Court agrees. The claims brought by Plaintiffs could affect the Committees' ability to participate in the election process within the state.

The individual intervenors claim that they have a significant interest in maintaining certainty regarding their rights and obligations if they choose to exercise their statutory right to vote by mail. *Id.* at page 13. They also claim that the weight of their votes could be "debased or diluted" by the counting of invalid ballots in contravention of the Date Instruction. *Id.* Plaintiffs argue that the individual intervenors' interest in protecting the weight of their votes is not cognizable and is merely a "generalized grievance." This Court agrees.

Rather than merely showing some impact, a prospective intervenor "must demonstrate that there is a tangible threat to a legally cognizable interest…" *Benjamin v. Dep't of Pub. Welfare of Pennsylvania*, 701 F.3d 938, 951 (3d Cir. 2012). The individual intervenors have failed to establish that they have an interest in the state not counting the ballots of others. While

the individual intervenors certainly have a legal interest in having their own ballots counted, they do not have an interest in prohibiting the state from counting other ballots. *See Obama for America v. Husted*, 697 F.3d 423, 428 (6th Cir. Oct. 5, 2012) ("The right to vote is a precious and fundamental right. … A citizen has a constitutionally protected right to participate in elections on an equal basis with other citizens in the jurisdiction. Having once granted the right to vote on equal terms, the State may not, by later arbitrary and disparate treatment, value one person's vote over that of another."). Moreover, the individual intervenors are not the only voters who have an interest in having their future mail votes counted. Indeed, every voter in the Commonwealth has an interest in having their mail vote counted, making this a textbook example of a generalized rather than a specific interest.

Because the individual intervenors have not met their burden to show that they have a sufficient direct interest in this litigation, they may not intervene in this matter as of right.

*Inadequate representation of the intervenor's interest by the existing parties*

Finally, the moving intervenor's interest "must be inadequately represented by the existing parties to the suit." *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015). This requirement is clearly satisfied here as to the Republican Committees, as several Defendants have explicitly expressed an interest in not participating in the defense of this case by the filing of motions to be excused from active participation. *See* ECF No. 128 (Blair County); ECF No. 132 (Potter County); ECF No. 146 (Lycoming County); ECF No. 148 (Clarion, Susquehanna, and Tioga Counties); ECF No. 155 (Union County); ECF No. 156 (Franklin and Perry Counties).

Intervention as of right is appropriate for the Republican Committees and the motion to intervene will be granted in this regard.

**Permissive Intervention**

Rule 24(b) provides for permissive intervention if the proposed intervenor "(1) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." F.R.Civ.P. 24(b). The Rule permits a party to intervene by demonstrating: (1) a timely application for intervention; and (2) that the party's claim or defense shares a common question of law or fact with the under lying action. F.R.Civ. P. 24(b)(1)(B). When reviewing a request for permissive intervention, the court must also consider whether permissive intervention would "unduly delay or prejudice the adjudication of the rights of the original parties." *Panzy v. Borough of Stroudsburg*, 23 F.3d 772, 779 n.6 (3d Cir. 1994).

"Whether to allow a party to permissively intervene is left to the sound discretion of the Court." *Worthington v. Bayer Healthcare, LLC,* 2011 WL 630399, at *8 (D.N.J. Dec. 15, 2011); *Brody By & Through Sugzdinis v. Spang*, 957 F.2d 1108, 1124 (3d Cir. 1992) ("[A]s the doctrine's name suggests, [it] is within the discretion of the district court" whether to grant permissive intervention.").

Because, as explained above, the prospective individual intervenors do not have a sufficient and direct interest in this case, they will not be permitted to intervene. Furthermore, the individuals do not have a claim or defense distinct from their co-Intervenors that warrants their intervention. The defense of the Republican Committees is no different than any defense of these individual voters. *See, for example,* ECF No. 34-2 (proposed motion to dismiss the complaint); ECF No. 34-3 (proposed answer to complaint).

**Conclusion**

"Federal courts should allow intervention where no one would be hurt and the greater justice could be attained." *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994) (internal citation omitted). Here, that "greater justice" means that the Republican Committees may intervene as of right, but the proposed individual intervenors may not intervene as of right or by permission of this Court.

AND NOW, this 6th day of January 2023,

IT IS HEREBY ORDERED that the motion to intervene [ECF No. 34] is granted in part insofar as the Republican Committees may intervene in this matter as of right. The motion is denied in all other respects.

IT IS FURTHER ORDERED that the Republican Committees file a responsive pleading addressing the Complaint by January 17, 2023. In the event the Republican Committees file a dispositive motion, oppositions thereto shall be filed by January 31, 2023.

The parties are on notice that the filing of any dispositive motion does **not** stay discovery.

SUSAN PARADISE BAXTER
United States District Judge