## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BETTY EAKIN, *et al.*, | Civil Action No. 1:22-cv-00340-SPB |
| Plaintiffs, | |
| v. | |
| ADAMS COUNTY BOARD OF ELECTIONS, *et al.*, | |
| Defendants. | |

## INTERVENOR-DEFENDANTS' RESPONSE TO COURT'S ORDER TO SHOW CAUSE

Intervenors-Defendants, the Republican National Committee, National Republican Congressional Committee, and the Republican Party of Pennsylvania, respectfully submit this memorandum in response to the Court's January 31, 2023 Order to Show Cause (Dkt. No. 212). Intervenor-Defendants maintain that there are no exceptional circumstances justifying expedited proceedings in this case, and that expedited proceedings would prejudice Intervenor-Defendants' rights to conduct discovery and develop their case. The Court therefore should adopt Intervenor-Defendants' previously proposed schedule. *See* Dkt. 207.

To start, no party has shown "exceptional" circumstances, *Mullane v. Almon*, 333 F.R.D. 659, 663 (N.D. Fla. 2021), or "good cause" warranting expedited proceedings, *Samuel, Son & Co., Inc., v. Beach*, No. 13-128, 2013 WL 4855325, at *3 (W.D. Pa. Sept. 11, 2013). That is especially true here: the *Eakin* Plaintiffs' operative complaint is not yet on file, *see* Dkt. 213, and both the *Eakin* Plaintiffs and Intervenor-Defendants favor a less condensed litigation schedule than the schedule the Court adopted in No. 1:22-cv-00339-SPB. And the primary rationale provided for expedited proceedings in that case was the desire of the NAACP Plaintiffs to "target[] a decision prior to the May 2023 primary election." Mot. for Scheduling Conference ¶ 2 (Dkt. No. 115). Yet

the Court has concluded that expedited proceedings "will not provide the final determination sought by some parties by the primary election." Dkt 207 at 1, No. 1:22-cv-00339-SPB. For that reason alone, a more customary litigation schedule is appropriate.

Aside from their desire to resolve the case before the imminent May 2023 primary election, the NAACP Plaintiffs advanced two other rationales for expedited proceedings. Neither is persuasive. *First,* the NAACP Plaintiffs asserted that "[t]he public interest supports clear, uniform election rules that are settled in advance of elections." Dkt. 198 at 2, 1:22-cv-00339-SPB. But the Pennsylvania Supreme Court has *already* affirmed the General Assembly's "clear, uniform election rule[]" well "in advance of" any upcoming elections. *Id.* Indeed, that court has held that the General Assembly's duly enacted date requirement governs mail-in and absentee ballots submitted in the May primary election and all future elections. *See* Order, *Ball v. Chapman*, No. 102 MM 2022 (Pa. Nov. 1, 2022) (per curiam). Thus, current law already has resulted in "the rules of the road [being] clear and settled . . . [w]hen an election is close at hand." *Merrill*, 142 S. Ct. at 880-81 (Kavanuagh, J., concurring).

*Second*, the NAACP Plaintiffs' claim that declining to rush judgment will result in "the ongoing, unlawful disenfranchisement of eligible, registered Pennsylvania voters," Dkt. 205 at 5, sails wide of the mark. Indeed, as the Pennsylvania Supreme Court already held in *Ball*—and the U.S. Supreme Court has made clear—mandatory application of the date requirement does not "disenfranchise" anyone. Rather, "that individual's vote is not counted because he or she did not follow the rules for casting a ballot." *Ritter v. Migliori*, 142 S. Ct. 1824, 1825 (2022) (Mem.) (Alito, J., dissenting from the denial of the application for stay); *see also Rosario v. Rockefeller*, 410 U.S. 752, 757 (1973) (application of neutral state-law voting requirement does not "disenfranchise" voters); *Timmons v. Twin Cities Area New Party*, 520 U.S. 351, 358 (1997)

("States may, and inevitably must, enact reasonable regulations" for effectuating votes); *Brnovich v. Democratic Nat'l Comm.*, 141 S. Ct. 2321, 2338 (2021) ("Casting a vote, whether by following the directions for using a voting machine or completing a paper ballot, requires compliance with certain rules."); *Democratic Nat'l Comm. v. Wis. State Legislature*, 141 S. Ct. 28, 35 (Mem.) (Oct. 26, 2020) (Kavanaugh, J., concurring) ("In other words, reasonable election deadlines do not 'disenfranchise' anyone under any legitimate understanding of that term.").  Moreover, Plaintiffs harbored no such concern regarding the alleged "disenfranchisement" of voters who failed to comply with the date requirement in the 2022 general election because they did not seek a preliminary injunction or other relief on behalf of such voters.  *Cf. Mullane*, 339 F.R.D. at 664 ("[C]ourts are less likely to find good cause for an expedited discovery process when the moving party has not moved for a temporary restraining order or preliminary injunction."); 8A Charles Alan Wright, Arthur M. Miller & Richard L. Marcus, Federal Practice and Procedure § 2046.1, at n.7 (3d ed. 2010) (noting district courts generally require party seeking expedited proceedings to move for preliminary injunction).  In short, neither group of Plaintiffs has offered adequate justification for expedited proceedings.

Further, as Intervenor-Defendants have previously explained, expedited proceedings would prejudice their rights to conduct discovery and to defend this case.  *See* Dkt. 207 at 4.  The *Eakin* Plaintiffs only just sought leave to file an amended complaint on January 31, 2023.  *See* Dkt. 213.  Intervenor-Defendants need time to conduct discovery to assess Plaintiffs' ability to sue. Such discovery could include depositions of each of the plaintiffs in both the *PA NAACP* case and in the *Eakin* case, as well as any individuals through whom the organizational plaintiffs claim associational standing.  *See, e.g.*, *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 342-43 (1977).  Intervenor-Defendants are also considering whether to utilize an expert witness,

either to rebut any expert witness offered by the plaintiffs, see Dkt. No. 115, No. 1:22-cv-00339-SPB ¶ 4(g) (NAACP "Plaintiffs currently expect to proffer one expert witness."), to support Intervenor-Defendants' case, or both.  Proceeding under the schedule adopted in No. 1:22-cv-00339-SPB would prejudice Intervenor-Defendants by denying them full opportunity to take discovery and develop their case.  *See Croft v. Donegal Township*, No. 2:20-01430, 2020 WL 6803051, at *2 (W.D. Pa. Nov. 19, 2020).

Accordingly, Intervenor-Defendants respectfully request that the Court adopt their previously proposed schedule.

Dated: February 6, 2023

Respectfully submitted,

*/s/ Kathleen A. Gallagher*
Kathleen A. Gallagher
PA I.D. #37950
Russell D. Giancola
PA. I.D. #200058
GALLAGHER GIANCOLA LLC
436 Seventh Avenue, 31st Floor
Pittsburgh, PA 15219
Phone: (412) 717-1900
kag@glawfirm.com
rdg@glawfirm.com

John M. Gore *
E. Stewart Crosland
Louis J. Capozzi III
Joshua S. Ha
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Phone: (202) 879-3939
jmgore@jonesday.com
scrosland@jonesday.com

Thomas W. King, III
Thomas E. Breth
DILLON, McCANDLESS, KING,
COULTER & GRAHAM, LLP
128 W. Cunningham St.
Butler, PA 16001
Phone: (724) 283.2200
tking@dmkcg.com
tbreth@dmkcg.com

Counsel for Intervenor-Defendants

* Admitted *pro hac vice*