IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| BETTE EAKIN, *et al.*,<br><br>   Plaintiffs,<br><br>v.<br><br>ADAMS COUNTY BOARD OF ELECTIONS, *et al.*,<br><br>   Defendants. | Case No. 1:22-cv-00340-SPB |

**PLAINTIFFS' MOTION TO COMPEL**

Plaintiffs respectfully move under Federal Rule of Civil Procedure 37(a)(3)(B)(iii) for an order compelling the Defendants listed in the Appendix to this Motion to respond to Interrogatory 7, which states:

> Identify, by name, birthdate, address, party affiliation and any other demographic information available to you, the voters whose timely received mail ballots You set aside and/or segregated because they were received in signed outer return envelopes that lacked a handwritten date or showed a date on the voter declaration that You deemed to be incorrect. In responding to this Interrogatory, state the specific reason why each such ballot was set aside and, if You allowed voters to correct or cure the date issue, specify whether each voter was able to correct or cure the issue.

The Defendants who have refused to provide this information claim that: (1) Pennsylvania law renders this information confidential, and/or (2) this information is not relevant to Plaintiffs' claims. *E.g.*, Ex. A at 3 (Berks County Board of Elections); Ex. B at 5 (Lancaster County Board of Elections); Ex. C at 5 (Westmoreland County Board of Elections).

Neither of these objections have merit. For one, Defendants' reliance on Pennsylvania's privacy and confidentiality protections is misplaced because this case arises under federal law; state-law privileges "do not govern the present dispute" and apply only if the requested information is independently protected by federal law. *Maier v. Canon McMillan Sch. Dist.*, Civ. A. No. 08-

0154, 2009 WL 10729566, at *1 n.1 (W.D. Pa. May 11, 2009); *see also Williams v. City of Phila.*, Civ. A. No. 08-1979, 2014 WL 5393988, at *4 (E.D. Pa. Oct. 22, 2014) (same). Since none of the state-law protections invoked by Defendants have been adopted into federal law, they cannot shield discovery of the information sought by Interrogatory 7.

What's more, the Court has issued a Protective Order that provides robust protection for confidential discovery materials, including "voters' personally identifiable information." ECF No. 224 at 1; *see, e.g.*, *Del. Display Grp. LLC v. Lenovo Grp. Ltd.*, Civ. A. No. 13–2108–RGA, 2016 WL 720977, at *6 n.11 (D. Del. Feb. 23, 2016) (explaining that a "producing party is ordinarily not harmed by . . . producing sensitive information which is subject to a protective order" (internal quotation omitted)); *In re Intel Corp. Microprocessor Antitrust Litig.*, Civ. A. No. 05-485-JJF, 2008 WL 11231448, at *1 (D. Del. Jan. 25, 2008) (agreeing that protective order was sufficient to protect confidentiality of requested data in discovery). If a Defendant designates their response to Interrogatory 7 as confidential under the Protective Order—to which Plaintiffs would not object—no party may publicly disclose that information or use it for any reason outside of this case. Indeed, for this reason, it is highly doubtful that discovery of individual-level voter data under the Protective Order would even implicate the various confidentiality provisions Defendants invoke to begin with.

As to the second ground, the information at issue is relevant to Plaintiffs' constitutional claim, which requires a careful evaluation of the burdens that the Date Instruction imposes on voters. *E.g.*, *Wilmoth v. Sec'y of N.J.*, 731 F. App'x 97, 102 (3d Cir. 2018). That inquiry necessarily involves consideration of how the Date Instruction individually impacts voters and the circumstances surrounding its enforcement. Plaintiffs cannot determine which voters the Date Instruction has disenfranchised without the information sought in Interrogatory 7. As Plaintiffs'

counsel informed all parties during their conferrals on this issue (described in further detail in Plaintiffs' Certificate of Conferral), Plaintiffs would be satisfied with a response that simply provides the Voter ID Number of each voter whose ballot was set aside in the 2022 general election because its envelope was undated or misdated. The Voter ID Number alone would provide Plaintiffs with sufficient information about the impacted voters to support their constitutional claim.

Counsel for the plaintiffs in *Pa. State Conf. of the NAACP v. Chapman*, No. 1:22-cv-339-SPB (W.D. Pa.) ("*Pa. NAACP*"), have indicated that they agree with the position offered in this Motion. They ask that, in the event the Court grants this Motion, it order Defendants to produce the same information responsive to Interrogatory 7 in *Pa. NAACP* as well.

- 4 -

Dated: February 23, 2023

Adam C. Bonin
**THE LAW OFFICE OF ADAM C. BONIN**
121 South Broad Street, Suite 400
Philadelphia, PA 19107
Telephone: (267) 242-5014
Facsimile: (215) 827-5300
adam@boninlaw.com

Respectfully submitted,

*/s/ Uzoma N. Nkwonta*
Uzoma N. Nkwonta*
Justin Baxenberg*
Daniel C. Osher*
Jacob D. Shelly*
Dan Cohen*
Daniela Lorenzo*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave., Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490
Facsimile: (202) 968-4498
unkwonta@elias.law
jbaxenberg@elias.law
dosher@elias.law
jshelly@elias.law
dcohen@elias.law
dlorenzo@elias.law

\* *Admitted Pro Hac Vice*

*Counsel for Plaintiffs*

**CERTIFICATE OF CONFERRAL**

I hereby certify that counsel for Plaintiffs conferred in good faith with counsel for Defendants who may be affected by the relief sought in this motion and that reasonable efforts were made to resolve the issue. Given the large number of Defendants in this case, Plaintiffs' counsel scheduled two different phone calls—one on February 21 and the other on February 22—to meet and confer with as many of Defendants' counsel as possible to resolve the discovery dispute at issue in this motion. Despite counsel's best efforts, no private resolution was reached.

                                    */s/ Uzoma N. Nkwonta*
                                    Uzoma N. Nkwonta

**Appendix to Motion to Compel**

The following Defendants have not provided Plaintiffs with full responses to Interrogatory 7 as of the date of this filing:

Beaver County Board of Elections
Berks County Board of Elections
Butler County Board of Elections
Cameron County Board of Elections
Carbon County Board of Elections
Centre County Board of Elections
Clarion County Board of Elections
Clinton County Board of Elections
Columbia County Board of Elections
Cumberland County Board of Elections
Dauphin County Board of Elections
Elk County Board of Elections
Erie County Board of Elections
Fayette County Board of Elections
Forest County Board of Elections
Fulton County Board of Elections
Greene County Board of Elections
Huntingdon County Board of Elections
Indiana County Board of Elections
Jefferson County Board of Elections
Juniata County Board of Elections
Lackawanna County Board of Elections
Lancaster County Board of Elections
Lawrence County Board of Elections
Lebanon County Board of Elections
Luzerne County Board of Elections
Lycoming County Board of Elections
McKean County Board of Elections
Mercer County Board of Elections
Mifflin County Board of Elections
Montour County Board of Elections
Northampton County Board of Elections
Northumberland County Board of Elections
Perry County Board of Elections
Pike County Board of Elections
Snyder County Board of Elections
Tioga County Board of Elections
Union County Board of Elections
Venango County Board of Elections
Warren County Board of Elections
Washington County Board of Elections
Wayne County Board of Elections
Westmoreland County Board of Elections
York County Board of Elections