IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| BETTE EAKIN, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>ADAMS COUNTY BOARD OF ELECTIONS, *et al.*,<br><br>    Defendants. | Case No. 1:22-cv-00340-SPB |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE
MATERIALS PROVISIONALLY UNDER SEAL**

Plaintiffs respectfully request leave to file provisionally under seal their upcoming Brief in Support of Motion for Summary Judgment, Concise Statement of Material Facts, and Appendix, which may include information considered confidential under the Protective Order issued by this Court. In support of this motion, Plaintiffs state as follows:

1. The Protective Order entered in this case on February 7, 2023 permits parties to "designate as 'Confidential' documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good-faith basis for asserting is confidential under the applicable legal standards." ECF No. 224 ¶ 3.

2. The Protective Order directs that: "In the event that any party wishes to submit Confidential information to the Court, such party shall follow the procedures prescribed by the Court, including obtaining leave of Court prior to filing any documents under seal." *Id.* ¶ 4.

3. Pursuant to the Court's Case Management Order of February 9, 2023, dispositive motions are due by April 21, 2023, with oppositions thereto due May 5, 2023. ECF No. 227 at 4.

4. Plaintiffs anticipate that their Brief in Support, Concise Statement of Material

Facts, and Appendix will contain, or rely directly upon, material that has been designated "Confidential" pursuant to the Protective Order. Plaintiffs do not dispute the propriety of the "Confidential" designation as to such information.

5. Plaintiffs recognize that, per the Third Circuit's ruling in *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662 (3d Cir. 2019), there is a "strong presumption" of public access to judicial records but that this common-law presumption "is not absolute" and may be rebutted by the party seeking nondisclosure. *Id.* at 672–73 (quotations and citation omitted). To overcome the presumption of access under the common law, a district court must articulate "the compelling, countervailing interests to be protected, make specific findings on the record concerning the effects of disclosure, and provide an opportunity for interested third parties to be heard." *Id.* at 672–73 (quotations and citations omitted). Additionally, the district court must conduct a document-by-document review of the contents of the challenged documents. *Id.* at 673 (quotations omitted).

6. Given that Plaintiffs intend to include and/or rely on information marked Confidential pursuant to the Protective Order in their Brief in Support, Concise Statement of Material Facts, and Appendix, they seek the Court's leave to file these materials provisionally under seal.[1]

7. Plaintiffs attach a proposed order granting leave to file the provisionally sealed materials and setting forth a proposed schedule to give the Court the opportunity to review the

---

[1] The Plaintiffs in the related action have filed a similar motion asking to file only an appendix provisionally under seal. *Pa. State Conf. of the NAACP v. Schmidt*, No. 1:22-339-SPB (W.D. Pa.), ECF No. 264. Because Plaintiffs here intend to include information in their Brief in Support, Concise Statement, and Appendix that may fall within the universe of confidential information under the Protective Order, they seek leave to file each of those documents provisionally under seal.

specific documents at issue, consistent with *In re Avandia*, and for the parties to support or oppose any requested seal with particularized facts for the Court's consideration. Specifically, Plaintiffs propose that the seal on any document shall be automatically lifted unless, within ten (10) business days after the material is filed provisionally under seal, any party files a motion seeking continued sealing of any information it believes meets the Third Circuit's standards for remaining under seal. If such a motion is filed, any opposing party shall then have ten (10) business days (excluding any federal holidays) to file a response.

Dated: April 19, 2023

Adam C. Bonin
**THE LAW OFFICE OF ADAM C. BONIN**
121 South Broad Street, Suite 400
Philadelphia, PA 19107
Telephone: (267) 242-5014
Facsimile: (215) 827-5300
adam@boninlaw.com

Respectfully submitted,

*/s/ Uzoma N. Nkwonta*
Uzoma N. Nkwonta*
Justin Baxenberg*
Jacob D. Shelly*
Dan Cohen*
Daniela Lorenzo*
Omeed Alerasool*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave., Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490
Facsimile: (202) 968-4498
unkwonta@elias.law
jbaxenberg@elias.law
jshelly@elias.law
dcohen@elias.law
dlorenzo@elias.law
oalerasool@elias.law

\* *Admitted Pro Hac Vice*

*Counsel for Plaintiff*