IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

BETTE EAKIN, ET. AL.      :
     :
     Plaintiffs,      :      Case No. 1:22-CV-340-SPB
     :
     v.      :
     :
ADAMS COUNTY BOARD OF      :
ELECTIONS, ET. AL.      :
     :
     :
     Defendants.      :

Under Fed. R. Civ. P. 56, defendant, Lancaster County Board of Elections ("LCBOE") moves for summary judgment and requests that the Court dismiss all claims against it with prejudice. No plaintiff has Article III standing to maintain any of their claims against LCBOE. Moreover, Count I and Count II should be dismissed as a matter of law. LCBOE includes a memorandum of law, concise statement of undisputed material facts, and appendix with this motion.

Respectfully submitted,

Date: April 21, 2023

*/s/ Walter S. Zimolong*
WALTER S. ZIMOLONG III, ESQ.
wally@zimolonglaw.com
JAMES J. FITZPATRICK III, ESQ.
james@zimolonglaw.com
P.O. Box 552
Villanova, PA 19085
(215) 665-0842
*Attorneys for Defendant*
*Lancaster County Board of*
*Elections*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | | |
|---|---|---|
| BETTE EAKIN, ET. AL. | : | |
| | : | |
| Plaintiffs, | : | Case No. 1:22-CV-340-SPB |
| | : | |
| v. | : | |
| | : | |
| ADAMS COUNTY BOARD OF ELECTIONS, ET. AL. | : | |
| | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OF LAW IN SUPPORT MOTION FOR SUMMARY JUDGMENT OF DEFENDANT LANCASTER COUNTY BOARD OF ELECTIONS

The Court should grant summary judgment to defendant, Lancaster County Board of Elections ("LCBOE"), for the same reasons as it should grant summary judgment in the companion case *NAACP, et. al. v. Schmidt*, et al. No. 1:22-cv-339-SPB (the "339 Case"). First, as in the 339 Case, the Court should dismiss all claims against LCBOE because plaintiffs lack Article III standing to maintain any of their claims against LCBOE. Second, even if plaintiffs did have standing, like in the 339 Case, the Court should dismiss Count I of the Amended Complaint because there is no private cause of action to enforce the materiality provision of the Civil Rights Act. Third, the Court should dismiss Count II of the Amendment Complaint because the LCBOE is not responsible for the passage of the election laws at issue.

I.   PLAINTIFF BETTE EAKIN LACKS STANDING.

Like the individual plaintiffs in the 339 Case, plaintiff Bette Eakin lacks standing to sue LCBOE because Eakin has not suffered any injury causally related to the *LCBOE*. Eakin is a registered voter in Erie County. Am. Compl., ECF No. 228, ¶ 12. She has never voted in Lancaster County and does not indicate that she intends to vote there. Also, it was Erie County Board of Elections, not LCBOE, that informed Eakin that her ballot would be rejected if she did not enter a date on the ballot return envelope. *Id*. Eakin might have standing to sue the Erie County Board of Elections, but she does not have standing to sue LCBOE or any other county where she is not registered to vote and where she has never voted. *Donald J. Trump for President, Inc. v. Boockvar*, 502 F.Supp.3d 889, 912 (M.D.Pa. 2022). (dismissing for lack of standing claims of voters, whose mailed ballot were not counted, because "[n]one of Defendant Counties received, reviewed, or discarded Individual Plaintiffs' ballots.")

Accordingly, the Court should dismiss with prejudice all claims brought by the individual plaintiffs against LCBOE because those plaintiffs lack standing.

II.   THE DSCC, DCCC, AND AFT LACK STANDING.

To maintain standing on behalf of their members, the DCCC, DSCC, and AFT must present evidence "establishing that at least one identified member ha[s] suffered or would suffer harm." *New Jersey Physicians, Inc. v. President of U.S.*, 653 F.3d 234, 241 (3d Cir. 2011) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488 (2009); *see also Jacobson v. Florida Sec'y of State*, 974 F.3d 1236, 1249 (11th Cir. 2020) (finding that the Democratic National Committee lacked associational standing

where it "describe[d] itself as having members" but "failed to identify any of its members"), *Donald J. Trump for President, Inc. v. Way*, 2020 WL 6204477 (W.D. Pa. 2020) (finding that the RNC lacked standing because it failed to identify a single member who would suffer a harm because of an election law.) Like the associational plaintiffs in the 339 Case, the DSCC, DCCC, and AFT have never identified a single member whose mailed ballot was not counted by LCBOE in the November 2022 general election or whose mailed ballot is certain not to be counted by LCBOE in the future.

Like the associational plaintiffs' claims in the 339 Case, the DSCC, DCCC, and AFT's claims of future harm to their members are not sufficient to confer standing because that harm is entirely speculative. *Free Speech Coal., Inc. v. Att'y Gen. United States*, 825 F.3d 149, 165 (3d Cir. 2016) (Standing to seek injunctive relief requires a that the threat "must be actual and imminent, not conjectural or hypothetical.") They are speculative because it assumes (a) that the associational members will vote in Lancaster County, (b) they will vote using absentee or mailed ballots and (c) they are likely to submit the ballot with a missing or incorrect date. Each of these events must be "certainly impending" for the associational plaintiffs to maintain standing. Standing based such a "theoretical chain of events" is precisely what this Court rejected in *Boockvar v. Trump*, 493 F.Supp.3d 331 (W.D.Pa. 2020). There, this Court dismissed claims that the use of unmanned drop boxes for the receipt of mailed ballots would lead to an increased risk of fraud or vote dilution as "too speculative to be concrete." *Id*. at 377. This Court should again reject claims resting on the "possibility

of future injury based on a series of speculative events—which falls short of the requirement to establish a concrete injury." *Id*. at 377.

Accordingly, the Court should dismiss all claims that the associational plaintiffs proport to maintain on behalf of their individual members.

### III.   THE DSCC, DCCC, AND AFT CANNOT MAINTAIN STANDING BASED ON ALLEGED DIRECT HARMS.

Like the association plaintiffs in the 339 Case, the DSCC, DCCC, and AFT also allege that LCBOE's refusal to count mailed ballots with missing or incorrect dates will cause them to divert resources. Am. Compl., ECF No. 228, ¶¶ 13-15. At summary judgment, bare allegation of diversion of resources is not sufficient to confer standing on an organization. *Fair Housing Council of Suburban Philadelphia v. Montgomery Newspapers*, 141 F.3d 71, 78 (3d Cir. 1998). The DCCC, DSCC, and AFT have not produced any evidence that they have or will divert resources *because of the conduct of LCBOE.* The DSCC, DCCC, and AFT might be able to produce evidence that they diverted resources because of the conduct of *another defendant.* For example, in Count II of the Amended Complaint, plaintiffs claim they are injured because of "Pennsylvania's vague requirement" that a mailed ballot contain a correct date. Am. Compl., ECF No. 228, ¶ 47. But LCBOE is in no way responsible for that allegedly vague requirement. Rather, as the DSCC, DCCC, and AFT admit, the requirement comes from the Pennsylvania Election Code – 25 P.S. § 3146.6(a) and 25 P.S. 3150.16(a) - and two orders of the Pennsylvania Supreme Court. Am. Compl., ECF No. 228, ¶ 47, prayer for relief, ¶ a. The DSCC, DCCC, and AFT have not and cannot produce evidence that the diversion of resources was *caused by the LCBOE.*

Accordingly, their claims fail to satisfy the second element of Article III standing which requires a plaintiff to demonstrate an injury fairly traceable or casually related to the conduct of the defendant. *The Pitt News v. Fisher*, 215 F.3d 354, 360 (3d Cir. 2000)

The DSCC, DCCC, and AFT's diversion of resources claims are also speculative. "Spending money in response to [a] speculative harm cannot establish a concrete injury." *Donald J. Trump for President, Inc.*, 2020 WL 6204477, at *8. As set forth previously, the DSCC's, DCC's, AFT's claims regarding future ballots missing or omitted dates are hypothetical and conjectural.

Then there is the issue of what resources the associational plaintiffs are diverting in response to future harm. The rules concerning not counting ballots with missing or omitted dates are already in place and have already been used in one election – the November 2022 general election – and will be used in the upcoming May 2023 primary. The associational plaintiffs can hardly be said to be diverting resources to educate voters because of rules already in place. The associational plaintiffs are simply educating their voters on existing election laws.

The associational plaintiffs have not presented evidence of particularized and concrete harm to their respective organizations *caused by the LCBOE*. Accordingly, the Court should dismiss with prejudice all claims against the LCBOE.

## IV. THERE IS NO PRIVATE RIGHT OF ACTION TO ENFORCE THE MATERIALITY PROVISIONS OF THE CIVIL RIGHTS ACT.

Like plaintiffs in the 339 Case, plaintiffs here bring a claim to enforce 52 U.S.C. § 10101(a)(2)(B) which is also called the materiality provision of the Civil Rights Act

(the "Materiality Provision"). Plaintiffs lack standing to this claim because Congress has not authorized a private right of action to enforce the Materiality Provision. *Migliori v. Lehigh Cnty. Bd. of Elections*, 2022 WL 802159, at *11 (E.D. Pa. 2022) ("the text and structure of § 10101 create a strong presumption that Congress did not intend to create a private remedy for vindication of the personal right.")

In *Migliori*, the district court for the Eastern District of Pennsylvania held that plaintiffs could not maintain a claim under the Materiality Provision to compel a county board of elections to count undated and incorrectly dated mailed ballots because Congress had not authorized a private right of action to enforce it. *Id.* at * 11. *Migliori* is identical to this case. Indeed, *Migliori* was represented by the same counsel, Attorney Loney, that represents plaintiffs in this case. In finding that the Materiality Provision could not be enforced through a private right of action, the district court found that under prevailing Supreme Court precedent "private rights of action to enforce federal law must be created by Congress," which is determined by Congressional intent to "create not just a private right of action but also a remedy." *Id.*, at *5 (quoting *Wisniewski v. Rodale, Inc.* 510 F.3d 294, 296 (3d Cir. 2007). Congressional intent is determined by the text and structure of the statute. *Alexander v. Sandoval*, 532 U.S. 275, 288 (2001). Without Congressional intent to create a private right of action, "a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." *Id.* at 286–87.

In *Sandoval*, the Supreme Court held that there was no private right of action to enforce certain regulations promulgated under Title VI of the Civil Rights Act. There the Court held "the express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others." *Id*. at 290. The Materiality Provision does express one method of enforcement and that is by the Attorney General of the United States, not a private citizen. 52 U.S.C. § Section 10101(c) states

> "[w]henever any person has engaged or there are reasonable grounds to believe that any person is about to engage in any act or practice which would deprive any other person of any right or privilege secured by subsection (a) or (b), ***the Attorney General may institute for the United States, or in the name of the United States***, a civil action or other proper proceeding for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order...."

52 U.S.C. § 10101(c) (emphasis added).

The district court in *Migliori* found that that § 10101(c) expressly provides for enforcement by the Attorney General "creates a strong presumption against [an] implied private right[ ] of action that must be overcome." *Migliori*, 2022 WL 80159 at *10. (citing *Wisniewski*, 510 F.3d at 205, n. 1)

The district court's holding in *Migliori* is consistent with the holding of the Sixth Circuit of Appeals in *Northeast Ohio Coalition for the Homeless v. Husted*, 837 F.3d 612 (6th Cir. 2016).[1]   In that case, the Sixth Circuit likewise found that the statute's enforcement remedy by the Attorney General was exclusive. *Id*. at 630.

---

[1] It is true that the Third Circuit found disagreement with the district court's holding in Migliori. *Migliori v. Cohen*, 36 F.4th 153 (3d. Cir. 2022). But the Supreme Court subsequently vacated the judgment and mandate of the Third Circuit. *See Ritter v. Migliori*, 143 S. Ct. 297 (2022)

Accordingly, even if plaintiffs had sustained an injury-in-fact caused by LCBOE (they have not), the Court should still dismiss Count I of their Amendment Complaint because plaintiffs have no private right of action to enforce 52 U.S.C. § 10101(a)(2)(B).

Respectfully submitted,

Date: April 21, 2023

*/s/ Walter S. Zimolong*
Walter S. Zimolong III, Esq.
wally@zimolonglaw.com
James J. Fitzpatrick III, Esq.
james@zimolonglaw.com
P.O. Box 552
Villanova, PA 19085
(215) 665-0842
*Attorneys for Defendant*
*Lancaster County Board of*
*Elections*

## CERTIFICATE OF SERVICE

I hereby certify the foregoing has been filed electronically and is available for viewing and downloading from the Electronic Case Filing System of the United States District Court for the Western District of Pennsylvania.  I further hereby certify that, in accordance with Fed. R. Civ. P. 5, service has been made upon counsel of record via ECF.

Respectfully submitted,

Date: April 21, 2023

*/s/ Walter S. Zimolong III*
Walter S. Zimolong III, Esq.
wally@zimolonglaw.com
James J. Fitzpatrick III, Esq.
james@zimolonglaw.com
P.O. Box 552
Villanova, PA 19085
(215) 665-0842
*Attorneys for Defendant*
*Lancaster County Board of*
*Elections*