IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BETTY EAKIN, *et al.*,<br><br>   Plaintiffs,<br><br>v.<br><br>ADAMS COUNTY BOARD OF ELECTIONS, *et al.*,<br><br>   Defendants. | Case No. l:22-cv-340-SPB |

**MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF SUMMARY JUDGMENT AGAINST PLAINTIFFS**

Restoring Integrity and Trust in Elections, Inc. (RITE) moves for leave to file an amicus curiae brief in support of summary judgment against Plaintiffs. Plaintiffs take no position on RITE's motion for leave to file the amicus brief. No counsel for any party authored the brief in whole or in part, and no entity or person aside from RITE, its members, or its counsel, made any monetary contribution intended to fund the preparation or submission of this brief.

**IDENTIY AND INTEREST OF PROPOSED AMICUS CURIAE**

Restoring Integrity and Trust in Elections, Inc. (RITE) submits this brief as Amicus Curiae in support of summary judgment against Plaintiffs. RITE is a 501(c)(4) non-profit organization with the mission of protecting the rule of law in the qualifications for, process and administration of, and tabulation of voting throughout the United States. RITE also supports laws and policies that promote secure elections and enhance voter confidence in the electoral process. Its expertise and national

perspective on voting rights, election law, and election administration will assist the Court in reaching a decision consistent with the rule of law.

## ARGUMENT

Although "[t]here are no strict rules governing amicus curiae at trial level," the Court has discretion to accept amicus briefs. *Goldberg v. City of Phila.*, 1994 WL 369875, at *1 (E.D. Pa. July 14, 1994). This Court has granted amicus filings in election cases like this one, which often present difficult legal issues with far-ranging consequences. *See, e.g., Ziccarelli v. Allegheny Cnty. Bd. of Elections*, Doc. 50, No. 2:20-cv-1831 (W.D. Pa. Dec. 23, 2020) (granting motion for leave to participate as amicus to the Pennsylvania General Assembly). "[A] court may grant leave to appear as an amicus if the information offered is 'timely and useful.'" *Avellino v. Herron*, 991 F. Supp. 730, 732 (E.D. Pa. 1998) (citation omitted). And amicus participation is particularly appropriate to aid the Court in deciding questions of law, which is why "such participation has become standard procedure" at the appellate level. *Yip v. Pagano*, 606 F. Supp. 1566, 1568 (D.N.J. 1985), *aff'd*, 782 F.2d 1033 (3d Cir. 1986).

In the appellate context, Federal Rule of Appellate Procedure 29 requires a motion that states: "(A) the movant's interest; and (B) the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(a)(3). The motion must be accompanied by the proposed brief. *Id.*

RITE's views will be particularly helpful given the novelty and importance of the issues raised in this case. Pennsylvania requires voters to date a declaration on the envelope of their mail-in ballot. 25 P.S. §§3146.6(a), 3150.16(a). Plaintiffs claim that Pennsylvania's date requirement for mail-in ballots violates the materiality

provision of the Voting Rights Act, 52 U.S.C. §10101(a)(2)(B). *See* Doc. 228 at 14-16. That issue evenly divided the justices on the Pennsylvania Supreme Court. *Ball v. Chapman*, 289 A.3d 1, 9 (Pa. 2023). The Third Circuit addressed the issue in an opinion vacated by the Supreme Court. *Migliori v. Cohen*, 36 F.4th 153 (3d Cir. 2022), *cert. granted, judgment vacated sub nom. Ritter v. Migliori*, 143 S. Ct. 297 (2022). And at least three Supreme Court Justices have expressed interest in the issue, concluding that "the Third Circuit's interpretation is very likely wrong." *Ritter v. Migliori*, 142 S. Ct. 1824, 1824 (2022) (June 9, 2022) (Mem.) (Alito, J., dissental).

What most courts have missed, and what RITE's brief explains, is that the materiality provision does not apply to Pennsylvania's date requirement. The provision governs voter *qualifications*—it does not extend to rules governing the casting of ballots, mail-in voting, or election rules generally. The Third Circuit assumed the materiality provision applies to the date requirement, but it did not explain why. What follows from that assumption is a host of interpretive problems. But the Court need not resolve those problems if it resolves that first step correctly by ruling that the materiality provision does not apply to the state law at issue.

Amicus participation will assist the Court in understanding and explaining these issues, which could be scrutinized by the Third Circuit and the Supreme Court. In support of that goal, RITE has filed this motion and proposed brief soon after the parties moved for summary judgment to provide the parties a chance to respond. "[P]ermitting persons to appear ... as friends of the court ... may be advisable where third parties can contribute to a court's understanding…." *Harris v. Pernsley*, 820

F.2d 592, 603 (3d Cir.1987). RITE's motion "is 'timely and useful.'" *Avellino*, 991 F. Supp. at 732.

## CONCLUSION

For these reasons, the Court should grant the motion for leave to file the attached amicus brief.

Dated: April 24, 2023

Respectfully submitted,

*/s/ Cameron T. Norris*

Cameron T. Norris\*
   Bar No. TN 33467
Gilbert C. Dickey\*
   Bar No. NC 58350
Conor D. Woodfin\*‡
   Bar No. DC 1780807
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
cam@consovoymccarthy.com
gilbert@consovoymccarthy.com
conor@consovoymccarthy.com

\**pro hac vice* forthcoming

‡ Admitted in the District of Columbia. Virginia bar application is pending. Supervised by principals of the firm.

*Counsel for Amicus Restoring Integrity and Trust in Elections, Inc.*