IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BETTE EAKIN, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No.: 1:22-cv-00340 |
| | ) | |
| v. | ) | |
| | ) | Judge Susan P. Baxter |
| ADAMS COUNTY BOARD OF ELECTIONS, *et al.*, | ) ) ) | |
| Defendants. | ) | |

**OMNIBUS REPLY IN SUPPORT OF INTERVENOR-DEFENDANTS' <u>MOTION FOR SUMMARY JUDGMENT</u>**

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

    I.    THE MATERIALITY PROVISION DOES NOT APPLY HERE ..........................1

    II.    PENNSYLVANIA'S DATE REQUIREMENT IS CONSTITUTIONAL..............4

CONCLUSION........................................................................................................................5

## TABLE OF AUTHORITIES

**Case**                                                          **Page**

*Ball v. Chapman*, 289 A.3d 1 (Pa. 2023) ..................................................................................3, 4

*County of Los Angeles v. Davis*, 440 U.S. 625 (1979) ....................................................................1

*Crawford v. Marion County Election Board*, 553 U.S. 181 (2008) ................................................4

*Dolan v. USPS*, 546 U.S. 481 (2006) ..............................................................................................2

*Migliori v. Cohen*, 36 F.4th 153 (3d Cir. 2022) ..............................................................................1

*NEOCH v. Husted*, 837 F.3d 612 (6th Cir. 2016) ...........................................................................4

*Perrin v. United States*, 444 U.S. 37 (1979) ..................................................................................4

*Ritter v. Migliori*, 142 S. Ct. 1824 (2022) .............................................................................. passim

*United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950) ................................................................1

*Vote.Org v. Callanen*, 39 F.4th 297 (5th Cir. 2022) .......................................................................1


**Statutes**

25 P.S. § 1301 ..................................................................................................................................3

52 U.S.C. § 10101 ................................................................................................................. passim

Plaintiffs and their supporting counties do not provide any convincing reason for the Court to invalidate Pennsylvania's longstanding date requirement. Thus, as Intervenor-Defendants have explained, the Court should grant summary judgment against Plaintiffs. *See* Dkt. Nos. 281, 282.

## I.  THE MATERIALITY PROVISION DOES NOT APPLY HERE.

Plaintiffs' and the counties' briefs largely duplicate each other's arguments and their arguments at the motion to dismiss stage that this Court should read the federal materiality provision, 52 U.S.C. § 10101(a)(2)(B), to invalidate Pennsylvania's longstanding date requirement. None is convincing.

To begin, Plaintiffs continue to urge this Court to rely on the Third Circuit's vacated decision in *Migliori v. Cohen*, 36 F.4th 153 (3d Cir. 2022), which they view as "highly persuasive." Dkt. No. 318 at 14 n.2; *see also* Dkt. No. 315 at 11 & n.5, 14. They are wrong. The entire purpose of the Supreme Court's vacatur is that the moot *Migliori* decision should not "spawn[] any legal consequences." *United States v. Munsingwear, Inc.*, 340 U.S. 36, 41 (1950). It therefore is not precedential, let alone persuasive. *See County of Los Angeles v. Davis*, 440 U.S. 625, 634 (1979); *see also Vote.Org v. Callanen*, 39 F.4th 297, 305 n.6 (5th Cir. 2022) (disagreeing with *Migliori*).

In any event, the Third Circuit was wrong, and the Court should not make the same mistake. *See Ritter v. Migliori*, 142 S. Ct. 1824, 1826 (2022) (Alito, J., dissenting from the denial of the application for stay) (Third Circuit's decision was "very likely incorrect"). Intervenor-Defendants have provided three independent statutory grounds to demonstrate that there is no basis to invalidate Pennsylvania's date requirement. Plaintiffs have failed to undermine them.

*First*, the materiality provision prohibits only "deny[ing] the right of any individual to vote," 52 U.S.C. § 10101(a)(2)(B), and enforcing the date requirement does not deny anyone the "right to vote." Plaintiffs and the counties argue that because the statute defines "vote" to include

1

"having [a] ballot counted," *any* "prohibit[ion]" on "county boards from counting otherwise valid mail ballots" constitutes a denial of the right to vote. Dkt. No. 318 at 12; *see also* Dkt. No. 315 at 13. But that argument illustrates their confusion. By their logic, "[r]efusing to count" the vote of a person who came to the polls on Wednesday instead of Tuesday "is a denial of the right to vote." The counties in fact charge into that absurdity, *see* Dkt. No. 315 at 13, confirming that their construction of the materiality provision is incorrect.

Indeed, what is at issue is not the meaning of "vote," but the meaning of the "*right to* vote." A person who shows up on the wrong day has not "voted," but she most certainly had the right to vote. So, too, did Plaintiffs here; "the failure to follow [the date requirement] constitutes the forfeiture of the right to vote, not [its] denial." *Ritter*, 142 S. Ct. at 1825 (Alito, J., dissenting).

*Second*, Plaintiffs contend that "Clauses 1 and 2" of the materiality provision, "not Clause 3," are what "delineate the *type* of voting regulation required," and thereby accuse Intervenor-Defendants of "rewrit[ing]" the statute. Dkt. No. 318 at 13. Wrong again. In fact, Plaintiffs' method of haphazardly picking apart clauses in isolation ignores the Supreme Court's instruction that "[i]nterpretation of a word or phrase depends upon reading the whole statutory text, considering the purpose and context of the statute, and consulting any precedents or authorities that inform the analysis." *Dolan v. USPS*, 546 U.S. 481, 486 (2006).

Reading the statute as a whole demonstrates that the materiality provision applies only to those errors or omissions that affect a "determin[ation] whether such individual is qualified under State law to vote." 52 U.S.C. § 10101(a)(2)(B). It does not apply to rules, like the date requirement, that have nothing to do with registration. Plaintiffs would subject every paper-based voting requirement to an illogical measuring line. But "[t]here is no reason why the requirements that must be met in order to register (and thus be 'qualified') to vote should be the same as the

2

requirements that must be met in order to cast a ballot that will be counted." *Ritter*, 142 S. Ct. at 1825 (Alito, J., dissenting).

The attempts to reassure the Court that Plaintiffs' reading would not disrupt ordinary election regulations ring hollow. Plaintiffs fail to address the most obvious victim of their statutory misconstruction—the signature requirement. As Intervenor-Defendants have explained, that too must fall if Plaintiffs' interpretation of the materiality provision is correct. Dkt. No. 282 at 13-14. Already, then, Plaintiffs' suggestion that Intervenor-Defendants have failed "to identify a single example" is wrong. Dkt. No. 318 at 16. And Plaintiffs' other arguments fare no better. They seek to wave away the possibility that their (incorrect) statutory analysis would endanger the secrecy-envelope requirement, *id.* at 15, when two Justices of the Pennsylvania Supreme Court have already indicated that such arguments will be a natural consequence if Plaintiffs win the day, *see Ball v. Chapman*, 289 A.3d 1, 38 (Pa. 2023) (Opinion of Justice Brobson and Justice Mundy). Plaintiffs also seek to protect the overvote prohibition by breezily asserting that it "effectuates the voter's ballot to the fullest practicable extent." Dkt. No. 318 at 15-16. But that blanket assertion does nothing to change what overvoting is under Plaintiffs' reading: an "error" on a "record or paper relating to" an "act requisite to voting," 52 U.S.C. § 10101(a)(2)(B), which Plaintiffs view as sufficient to violate the materiality provision, *see* Dkt. No. 282 at 13-14.

The counties attempt to salvage their reading of the materiality provision by arguing that a signature is somehow relevant to whether a voter is qualified. Dkt. No. 315 at 11 n.4. But all that Pennsylvania requires to be qualified to vote is being at least 18 years of age on the date of the election; having been a citizen of Pennsylvania for at least one month; having lived in the relevant election district for at least 30 days; and not being imprisoned for a felony. *See* 25 P.S. § 1301. Those qualifications do *not* include whether the voter signed his ballot declaration, which under

3

the counties' reading is an *attestation* of qualification, not a qualification itself.

*Third*, Plaintiffs' insistence that voting is an "act requisite to voting" continues to violate the principle that words in a statute be given "their ordinary, contemporary, common meaning," *Perrin v. United States*, 444 U.S. 37, 42 (1979). The materiality provision "must be given a strained meaning in order to make it applicable to the validity of a rule about filling out a mail-in ballot." *Ritter*, 142 S. Ct. at 1826 n.2 (Alito, J., dissenting). An "act requisite to voting" is not an ordinary way to refer to the very act of *voting*. *See also Ball*, 289 A.3d at 26 (Opinion of Justice Wecht, Chief Justice Todd, and Justice Donohue) ("Logic and ordinary rules of statutory construction also dictate that an 'act requisite to voting' must be different from voting itself.").[1]

## II.   PENNSYLVANIA'S DATE REQUIREMENT IS CONSTITUTIONAL.

Plaintiffs stand alone in arguing to the Court that the date requirement somehow violates the United States Constitution. *See* Dkt. No. 315 at 3 n.1 ("The Responding Counties takes no position on the merit of the separate constitutional claims raised by Plaintiffs."). Plaintiffs provide no convincing argument for that outlandish conclusion. *See* Dkt. No. 282 at 17-25.

*First*, Plaintiffs appear to argue that, because the consequence of noncompliance is ballot invalidation, asking voters to fill in a date on an envelope is a "severe" burden. Dkt. No. 318 at 19. At the threshold, Plaintiffs misapprehend the burden element of the *Anderson/Burdick* analysis. That element inquires into the burden on *compliance* with the rule, not the consequence of *noncompliance*. *See* Dkt. No. 312 at 13-14. Indeed, *many* voting regulations would, if disobeyed, be "responsible for … votes not being counted"—yet those regulations are constitutional. Dkt. No. 318 at 22. Indeed, in *Crawford v. Marion County Election Board*, six

---

[1] Intervenor-Defendants continue to preserve the argument that 52 U.S.C. § 10101(a)(2)(B) does not provide a private right of action, and that 42 U.S.C. § 1983 does not provide a separate basis to sue. *See, e.g.*, *NEOCH v. Husted*, 837 F.3d 612, 630 (6th Cir. 2016).

4

Justices upheld a photo ID requirement where noncompliance resulted in not even permitting the voter to cast a ballot. *See* 553 U.S. 181 (2008) (plurality op). Moreover, the six Justices agreed that a voting regulation which imposed on many voters "the inconvenience of making a trip to the BMV, gathering the required documents, and posing for a photograph" did *not* impose a severe burden. *Id.* at 198 (plurality op.); *id.* at 209 (Scalia, J., concurring in the judgment). Merely requiring voters to write *a date* next to their signatures is indisputably a lesser burden than that.

*Second*, Plaintiffs argue that the date requirement "does not serve any state interest." Dkt. No. 318 at 20. Given that the burden of complying with the date requirement is *de minimis*, it is dubious whether the Court should balance that "burden" against the State's interests at all. Regardless, the interests presented easily justify the date requirement. Plaintiffs flatly assert that the date requirement "does not serve to detect or prevent fraud." Dkt. No. 318 at 21. But Intervenor-Defendants have already identified an instance where it *actually* produced evidence of fraud. Dkt. No. 283 ¶ 45-50. Plaintiffs also apparently ask Intervenor-Defendants to re-prove the state's interests in the solemnity of its voting processes and voter confidence—interests which are already well-settled. *See* Dkt. No. 282 at 20-23.

*Third*, Plaintiffs invoke their putative expert, Dr. Hopkins, to claim that the date requirement "burdens racial minorities and older voters" and "most heavily impacts the least resourced voter populations." Dkt. No. 318 at 23-24. But Dr. Hopkins's analysis does nothing to prove that the date requirement imposes a meaningful burden on any individual or group of voters. *See* Dkt. No. 282 at 23-25; Dkt. No. 312 at 14-20. Indeed, he admitted that he never actually measured the cost of complying with the date requirement. Dkt. No. 283 ¶¶ 118–121.

## CONCLUSION

The Court should grant Intervenor-Defendants' motion for summary judgment.

Dated:  May 10, 2023

Respectfully submitted,

*/s/ Kathleen A. Gallagher*
Kathleen A. Gallagher
PA I.D. #37950
Russell D. Giancola
PA. I.D. #200058
GALLAGHER GIANCOLA LLC
436 Seventh Avenue, 31st Floor
Pittsburgh, PA 15219
Phone: (412) 717-1900
kag@glawfirm.com
rdg@glawfirm.com

John M. Gore (*pro hac vice*)
E. Stewart Crosland
Louis J. Capozzi III
Joshua S. Ha
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Phone: (202) 879-3939
jmgore@jonesday.com
scrosland@jonesday.com

Thomas W. King, III
Thomas E. Breth
DILLON, McCANDLESS, KING,
 COULTER & GRAHAM, LLP
128 W. Cunningham St.
Butler, PA  16001
Phone: (724) 283.2200
tking@dmkcg.com
tbreth@dmkcg.com

*Counsel for Intervenor-Defendants*