IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

BETTE EAKIN, *et al.*,

    Plaintiffs,

v.

    Case No. l:22-cv-00340-SPB

ADAMS COUNTY BOARD OF ELECTIONS, *et al.*,

    Defendants.

## MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF SUMMARY JUDGMENT AGAINST PLAINTIFFS

Lawyers Democracy Fund (LDF) moves for leave to file an amicus curiae brief in support of summary judgment against plaintiffs. No counsel for any party authored the brief in whole or in part, and no entity or person aside from LDF, its members, or its counsel, made any monetary contribution intended to fund the preparation or submission of this brief.

## INTEREST OF PROPOSED AMICUS

Lawyers Democracy Fund (LDF) submits this brief as Amicus Curiae in support of summary judgment against Plaintiffs. LDF is a 501(c)(4) non-profit organization with the mission of advancing the role of ethics, integrity, and legal professionalism in the electoral process, including safeguarding the right of eligible voters to vote. LDF conducts, funds, and publishes research and in-depth analysis regarding the effectiveness of current and proposed election methods.  Additionally, LDF engages in public-interest litigation where appropriate to uphold the rule of law and integrity in elections including submitting amicus briefs in notable election cases.  Its expertise and long history of advancing the integrity of the electoral process, along with its national perspective on

1

issues related to voting will assist the Court in reaching a decision consistent with the rule of law.

## ARGUMENT

Although "[t]here are no strict rules governing amicus curiae at trial level," the Court has discretion to accept amicus briefs. *Goldberg v. City of Phila.*, 1994 WL 369875, at *1 (E.D. Pa. July 14, 1994). This Court has granted amicus filings in election cases similar to the case at bar, which often present difficult legal issues with far-ranging consequences. *See, e.g.*, *Ziccarelli v. Allegheny Cnty. Bd. of Elections*, Doc. 50, No. 2:20-cv-1831 (W.D. Pa. Dec. 23, 2020) (granting motion for leave to participate as amicus to the Pennsylvania General Assembly). "[A] court may grant leave to appear as an amicus if the information offered is 'timely and useful.'" *Avellino v. Herron*, 991 F. Supp. 730, 732 (E.D. Pa. 1998) (citation omitted). Amicus participation aids the Court in deciding questions of law, the reason "such participation has become standard procedure" at the appellate level. *Yip v. Pagano*, 606 F. Supp. 1566, 1568 (D.N.J. 1985), *aff'd*, 782 F.2d 1033 (3d Cir. 1986).

In the appellate context, Federal Rule of Appellate Procedure 29 requires a motion that states: "(A) the movant's interest; and (B) the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(a)(3). The motion must be accompanied by the proposed brief. *Id.*

LDF's views will be particularly helpful given the novelty of the issues raised by Plaintiffs seeking to replace well-established precedent. Pennsylvania law requires voters to date a declaration on the envelope of their mail-in ballot. 25 P.S. §§3146.6(a), 3150.16(a). However, Plaintiffs claim that Pennsylvania's date requirement for mail-in ballots violates the materiality provision of the Civil Rights Act, 52 U.S.C. §10101(a)(2)(B). That issue evenly divided the justices

on the Pennsylvania Supreme Court. *Ball v. Chapman*, 289 A.3d 1, 9 (Pa. 2023). The Third Circuit addressed the issue in an opinion later vacated by the Supreme Court. *Migliori v. Cohen*, 36 F.4th 153 (3d Cir. 2022), *cert. granted, judgment vacated sub nom. Ritter v. Migliori*, 143 S. Ct. 297 (2022). At least three Supreme Court Justices have expressed interest in the issue, concluding that "the Third Circuit's interpretation is very likely wrong." *Ritter v. Migliori*, 142 S. Ct. 1824, 1824 (2022) (June 9, 2022) (Mem.) (Alito, J., dissenting.)

LDF's brief explains that the materiality provision does not apply to Pennsylvania's date requirement and an expansion of the reach of that provision would misapply the law. The materiality provision governs voter *qualifications*—its scope does not extend to rules governing the casting of ballots, mail-in voting, or election rules generally. While the Third Circuit assumed the materiality provision restricts the date requirement, it did not explain why resulting in a decision that simply creates confusion. However, if the Court rules that the materiality provision does not apply to the state law at issue, it need not resolve those problems.

Amicus participation will assist the Court in understanding and explaining these issues, which will likely later be scrutinized by the Third Circuit and the Supreme Court. In support of that goal, LDF has filed this motion and proposed brief during the summary judgment period of the litigation. "[P]ermitting persons to appear ... as friends of the court ... may be advisable where third parties can contribute to a court's understanding...." *Harris v. Pernsley*, 820 F.2d 592, 603 (3d Cir.1987). LDF's motion "is 'timely and useful.'" *Avellino*, 991 F. Supp. at 732.

## CONCLUSION

For these reasons, the Court should grant the motion for leave to file the attached amicus brief.

Dated: May 10, 2023                    Respectfully submitted,

                                       /s/ Linda A. Kerns

                                       Linda A. Kerns
                                       PA Bar 84495
                                       LAW OFFICES OF LINDA A. KERNS, LLC
                                       1420 Locust Street, Suite 200
                                       Philadelphia, PA 19102
                                       (215) 731-1400
                                       linda@lindakernslaw.com

                                       *Counsel for*
                                       *Lawyers Democracy Fund*