IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BETTE EAKIN, et al,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **Case No. 1:22-CV-340** |
| ) | |
| **ADAMS COUNTY BOARD OF** ) | |
| **ELECTIONS, et al,** ) | |
| ) | |
| **Defendants.** ) | |

**O R D E R**

Presently before this Court is a Motion to Intervene by the Commonwealth of Pennsylvania. ECF No. 443.

Judgment was entered in this case by Order dated April 1, 2025. ECF No. 440. The following day, Intervenor-Defendants Republican National Committees filed a Notice of Appeal to the Third Circuit Court of Appeals. ECF No. 441. Thereafter, the Commonwealth of Pennsylvania filed its motion to intervene in this district court, along with a proposed motion for stay pending appeal. ECF No. 443.

Generally, a district court is divested of jurisdiction when a notice of appeal is filed. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1984) ("The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). *See also Shultz v. County of Franklin*, 2025 WL 869494, at *2 (3d Cir. Mar. 20, 2025). While this divestiture rule is not "ironclad," exceptions to it are limited. *In re ESML Holdings Inc.*, 2025 WL 1119944, at *10 (3d Cir. Apr. 16, 2025). "During the pendency of an appeal the

1

[trial court] retains only the limited authority to take any steps that will assist the Court of Appeals in its determination." *Id. quoting SEC v. Invs. Sec. Corp.*, 560 F.2d 561, 568 (3d Cir. 1977). Accordingly, this Court is divested of jurisdiction in this matter and the motion will be denied.

Moreover, the Commonwealth of Pennsylvania had an earlier opportunity to intervene and failed to do so. Pursuant to Federal Rule of Civil Procedure 5.1, this Court notified the Commonwealth by mailing a Certification of Constitutional Challenge to the Pennsylvania Attorney General on June 18, 2024. ECF No. 383. The Certification explained that the Commonwealth was permitted to intervene for the presentation of evidence and for argument on the question of constitutionality.

AND NOW, this 24th day of April 2025;

IT IS HEREBY ORDERED that the Motion to Intervene by the Commonwealth of Pennsylvania [ECF No. 443] is DENIED.

Susan Paradise Baxter
United States District Judge